RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  10 / 10 / 06
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DWAYNE BROWN | DOCKET NO. 06-CV-0724; SEC. "P" |
| VERSUS | JUDGE TRIMBLE |
| T.W. THOMPSON, ET AL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights complaint filed under 28 U.S.C. §1983 by Plaintiff Dwayne Brown, *in forma pauperis*. Brown claims that his civil rights were violated by the defendants while he was incarcerated at "J.L.D.C.C." in Jena, Louisiana. On June 20, 2006, Brown was ordered to amend his complaint and allege **specific facts** in support of the claim that his constitutional rights were violated by the defendants. Specifically, Brown was told to state what particular acts by the defendants violated his civil rights and what injuries Plaintiff suffered as a result. Brown filed an Amended Complaint on July 14, 2006.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. A previous Report and Recommendation had been filed, but was withdrawn. Plaintiff has filed a Motion to Stay based on the recommendations in that retracted Report and Recommendation. Since the Report and Recommendation has been withdrawn, Plaintiff's Motion to Stay is moot and should be denied as such.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has alleged the following facts, all of which occurred in the aftermath of Hurricane Katrina in 2005:

1. On August 30, 2005, Plaintiff was transferred from Jefferson Parish Correctional Center in Gretna, Louisiana, to J.L.C.C. in Jena, Louisiana, because of a power outage, chemical spill, and lack of running water.

2. In route to Jena, Louisiana, Plaintiff and other inmates rode on buses for approximately fifteen hours with their hands cuffed in plastic cuffs and without food, water, or restroom facilities.

3. Upon arrival at the Jena facility, "we were aggressively push [sic] off the bus for no apparant [sic] reason...."

4. Plaintiff and other inmates were "abruptly awakened" in the early morning on September 2, 2005, and made to lay on the cold floor for four hours.

5. "We" were ridiculed, humiliated, and embarrassed by the guards.

6. The warden, T. W. Thompson, "actively conspired with his employees."

7. On September 17, 2005, Plaintiff and other inmates were forced to stand in a dehumanizing and humiliating position in the shower area.

8. Plaintiff and other inmates were stripped and searched in front of female officers.

9. Plaintiff was housed at the Jena facility from September 1, 2005 through October 10, 2005, during which time he had no access to legal materials or counsel.

10. The defendants often turn the air down so low that "we would need winter gear just to stay warm."

11. Plaintiff suffers from psychological trauma, paranoia, mental anguish, and anxiety as a result of the acts of the defendants.

Plaintiff seeks appointment of counsel and a jury trial as well as punitive damages in the amount of five hundred thousand dollars ($500,000). He also seeks injunctive relief terminating Warden T. W.

Thompson from his position as warden.

## LAW AND ANALYSIS

1. **Appointment of Counsel**

Plaintiff requested that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have counsel appointed to assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. 290, 293, n.14 (5th Cir. 1992).

In this civil rights case, Plaintiff has alleged that the defendants violated his right to be free from cruel and unusual punishment. He claims that the defendant warden was the supervisor of the guards who physically and emotionally abused him and his fellow detainees/inmates, and that the warden also participated in the mistreatment. This claim is not atypical of those often asserted in civil rights litigation, and it is not complex. The appointment of counsel would not shorten the trial and is not necessary for a just determination because this case is one that can be disposed of on the face of the complaint. Accordingly, Plaintiff's request for appointment of counsel should be denied as the allegations contained in the complaint do not demonstrate "exceptional circumstances," which

would warrant the appointment of counsel at this time.

2.   **Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

3. **Analysis**

Plaintiff has alleged that he and other inmates were subjected to cruel and inhumane treatment while temporarily housed in Jena, Louisiana after Hurricane Katrina. It is not clear whether Plaintiff was a pretrial detainee or convicted inmate at the time of the alleged abuse. The distinction, however, is not important for this inquiry since the standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner. Valencia v. Wiggins, 981 F.2d 1440, 1447 (5 Cir.1993). Plaintiff claims that the guards used excessive force against him (either in violation of the Eighth Amendment's prohibition against cruel and unusual punishment or inconsistent with the protections of liberty guaranteed by the Due Process Clause of the Fourteenth Amendment). In either case, the court is obligated to balance the constitutional rights of convicted prisoners or pre-trial detainees with the needs of prison officials to use force effectively to maintain prison order.

Plaintiff seeks monetary damages for "physiological trauma and paranoia, mental anguish and anxiety." [Doc. #8 p.5] The Fifth Circuit has held that **some physical injury** is an indispensable element of an excessive force claim. See Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). (citing Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992). Under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for mental and emotional injury suffered while in custody without a prior showing of physical injury. The United States Fifth Circuit has held that the phrase "physical injury" in §1997e(e) means an injury that is more than *de minimis*, but need not be significant. See Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003)(citations omitted). In the instant matter, Plaintiff has failed to allege or establish that the defendants caused him more than *de minimis* physical harm. A *de minimis* injury does not rise to the level of a constitutional

injury.

Plaintiff was ordered to amend his complaint with simple instructions specifically tailored to elicit facts that might support his claims, such as what specific injuries he suffered as a result of the alleged mistreatment. While Plaintiff filed an "Amended Complaint," he failed to provide any more information than what was included in his original complaint. "Although we construe IFP complaints liberally, particularly in the context of a § 1915(d) dismissal, we are still bound by the allegations in the complaint, and are not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). Plaintiff has failed to assert an essential element of his excessive force claim; that is, he has failed to allege more than a *de minimis* injury.
Accordingly,

**IT IS RECOMMENDED** that petitioner's civil rights complaint (42 U.S.C. §1983) be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915 and §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions AVCepted**

by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 6th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE